UNITED STATES of America,
Plaintiff-Appellee,

v.

Henry S. RANDOLPH, Jr.,
Defendant-Appellant.

No. 77–5605.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1979.

· Franklin N. Biggins, Atlanta, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY, RUBIN and VANCE, Circuit Judges.

PER CURIAM:

Defendant, an employer, appeals from convictions on eight separate counts of unlawfully failing to withhold federal income and F.I.C.A. taxes after having been required to establish a special trust account. 26 U.S.C.A. §§ 7215(a), 7512. He asserts that by restricting both the opening remarks of his attorney and the cross-examination of the Government's key witness, the trial court prevented him from asserting the statutory defense that the failure to withhold taxes was beyond his control. Concluding that no legal defense has been proffered, we affirm.

26 U.S.C.A. § 7512 provides in part:

**Separate accounting for certain collected taxes, etc.**

(b) **Requirements.**—Any person who is required to collect, account for, and pay over any tax imposed by subtitle C or by chapter 33, if notice has been delivered to such person in accordance with subsection (a), shall collect the taxes imposed by subtitle C or chapter 33 which become collectible after delivery of such notice, shall (not later than the end of the second banking day after any amount of such taxes is collected) deposit such amount in a separate account in a bank (as defined in section 581), and shall keep the amount of such taxes in such account until payment over to the United States. Any such account shall be designated as a special fund in trust for the United States, payable to the United States by such person as trustee.

On January 15, 1976, revenue officers delivered a statutory notice letter to Randolph requiring that he establish a special bank account in trust for the Government, thereby triggering the provisions of 26 U.S.C.A. §§ 7512 and 7215(a).

26 U.S.C.A. § 7215(a) provides:

**Offenses with respect to collected taxes**

(a) **Penalty.**—Any person who fails to comply with any provision of section 7512(b) shall, in addition to any other penalties provided by law, be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than one year, or both, together with the costs of prosecution.

26 U.S.C.A. § 7215(b)(2) provides an exception to these criminal provisions, as follows:

This section shall not apply—

(2) to any person, if such person shows that the failure to comply with the provisions of section 7512(b) was due to circumstances beyond his control.

Although no cases have construed this exception, its place in the statutory

scheme reveals that its scope was intended to be narrow. The statute itself expressly indicates that:

> For purposes of paragraph (2), a lack of funds existing immediately after the payment of wages (whether or not created by the payment of such wages) shall not be considered to be circumstances beyond the control of a person.

*Id.* The legislative history illuminates the meaning of this provision as it relates to lack of funds:

> The second exception to the penalty in subsection (a) is provided in those cases where the person involved can show that the failure to collect, to deposit and keep the taxes in the separate account was due to circumstances beyond his control. For this purpose, however, a lack of funds immediately after the payment of wages (whether or not resulting from the payment of the wages) is not to be considered circumstances beyond a person's control. This can be illustrated by an employer subject to the requirements of section 7512(b) who has gross payroll requirements of $1,000, with respect to which he is required to withhold $100 of income taxes. If such an employer had on hand only $900 and paid out this entire amount in wages, withholding nothing, the fact that the net wages due equaled this amount would not relieve him of the penalty imposed by section 7215(a).

> A lack of funds occurring after the payment of wages (so long as it was not immediately after) would, however, qualify under this exception if it were due to circumstances beyond the person's control. Examples of factors which might result in a lack of funds constituting circumstances beyond the control of the person after (but not immediately after) the payment of wages and within the period before the person was required to deposit the funds are theft, embezzlement, destruction of the business as the result of fire, flood, or other casualty, or the failure of a bank in which the person had deposited the funds prior to transferring them to the trust account for the Government. However, lack of funds arising after payment of wages resulting, for example, from the payment of creditors will not be considered circumstances beyond the person's control.

1958 U.S.Code Cong. & Admin.News pp. 2179, 2191–2192.

 Defendant argues that the circumstance beyond his control was embezzlement. He contends that the co-owner of the business had embezzled corporate funds, thereby making payment of the withholding taxes impossible. 26 U.S.C.A. § 7215(b)(2) makes it apparent, however, that not just any embezzlement constitutes a defense. For such a theory to be viable, defendant would have to prove either that his co-owner lied to him about the bank balance at the time that the payroll checks were drawn or that he embezzled the funds afterward. Embezzlement before the payroll checks were drawn would not constitute a defense, if defendant knew or should reasonably have known of it.

 Defendant complains that the trial court prevented him from establishing this defense. A review of the relevant portions of the record, however, shows that defendant was unable to offer any proof of embezzlement that would constitute a statutory defense. The evidence relied upon to support this theory was the co-owner's involvement with a competitor. While such involvement may have civil ramifications, without more it does not prove embezzlement for purposes of 26 U.S.C.A. § 7215(b)(2). No proffer of any evidence which would establish a defense of embezzlement has been shown in the record and no suggestion of such evidence appears on appeal. In the absence of such proffer, the trial court was within its discretion in restricting the opening statement and cross-examination, and there is no ground for reversal of the conviction. The questions concerning the co-owner's involvement in the business of a competitor were properly excluded as irrelevant, as were the opening remarks concerning such evidence.

AFFIRMED.